UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETS

| | |
|---|---|
| ASHLEY CATATAO,<br>　　　　*Plaintiff*,<br><br>v.<br><br>SIG SAUER, INC.,<br>　　　　*Defendant*. | Case No. 1:22-cv-10620 |

**PLAINTIFF ASHLEY CATATAO'S TRIAL BRIEF**

Plaintiff Ashley Catatao hereby submits the following trial brief concerning matters the Plaintiff requests an opportunity to address with the Court prior to the commencement of trial, which are not covered by Plaintiff's motions *in limine*.

**I.    Factual Background**

This case is about a police officer with experience with guns, who was injured by the Sig Sauer P320; a gun that by its specific design is different, and less safe, than every other similar gun sold by any other gun manufacturer in the world.

On April 6, 2022, at approximately 3:50 p.m., the Plaintiff, Officer Shley Catatao, left roll call to begin her shift for the Somerville Police Department as a patrol officer. Video surveillance recorded her walking from police headquarters through a parking lot towards her assigned police cruiser. She was in full uniform with her full-sized, Sig Sauer P320 duty pistol secured in a Safariland holster. Officer Catatao was carrying a black duty bag and a small cooler bag. As she was

1

approaching her assigned cruiser and went to take her duty bag off her shoulder, she heard a loud bang and a shooting pain in her leg. Her P320 discharged while in its holster without her touching the gun.

On September 28, 2022, the Somerville Police Department's Office of Professional Standards issued its 20-page report regarding the unintended discharge of the P320 issued to Officer Catatao. The report concluded that Officer Catatao handled her firearm appropriately at all times. Unfortunately, Officer Catatao's experience with the P320 is shared with many, many other users of the Sig Sauer P320.

Officer Catatao asserted claims related to the defective condition of Sig Sauer's P320 and Sig Sauer's conduct in designing, distributing, failing to recall, and failing to warn users of the defect. In addition to compensatory damages, Officer Catatao also seeks the imposition of punitive damages against Sig Sauer.

The foundational principle of Plaintiff's case is that the P320's trigger-pull is too short and light to lack any sort of external safety. Simply put, it is too easy for the gun to fire under any circumstance; whether the gun is fully holstered, in the process of being holstered or unholstered, in the user's hand or somewhere else. Therefore, the P320 should have been equipped with an external safety just like every single other similarly designed gun in world history, and the combination of

the short, single-action trigger, and the absence of any safeties caused Officer Catatao's unintended discharge.

## II.   Remaining Issues to Be Addressed Before Trial

1.   Sig Sauer must be precluded from calling as corporate designees Matt Taylor, Matt Farkas, and Tom Taylor.  Under Rule 26(a)(1)(A)(i), a party must disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses."  A party is under a duty to timely supplement deficient disclosures. *See* Rule 26(e). Rule 37(c)(1) enforces the disclosure and supplementation required under Rule 26 and the provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence…at a trial." As explained repeatedly by the First Circuit, "the required sanction in the ordinary case is mandatory preclusion." Klonoski v. Mahlab, 156 F.3d 255, 269 (1st Cir.1998).

Had Defendant followed the rules, it would have timely supplemented its disclosures to allow Plaintiff to know both the identity of the Sig Sauer witnesses with relevant information and the subject matters of that information that supported Sig Sauer's case.  Instead, Plaintiff was first provided this information on November 20, 2024—a year after discovery had closed and just six weeks before trial. Under

Rule 30, a designee's testimony is that of the defendant entity, and Plaintiff has not had the opportunity to depose any of Defendant's purported designees, as they were never disclosed. Plaintiff's expert witnesses, who relied upon deposition testimony in forming their opinions, must have an opportunity to review the testimony of Sig Sauer's purported designee witnesses. The depositions of said witnesses will not take place until January 13 and 15, leaving no time for review, analysis and supplemental reports prior to the current trial date. As such, should the trial go forward on January 21, 2025, Sig Sauer must be precluded from calling as designees Matt Taylor, Matt Farkas, and Tom Taylor.

2.  Sig Sauer must be precluded from introducing evidence or testimony concerning its liability expert, Derek Watkins, extremely late second supplemental report. Defendant's expert disclosures were due on or before November 11, 2023—over one year before the late disclosure. See ECF No. 61. Watkins' second supplemental report was served just weeks before trial, and after pretrial disclosures and motions *in limine* were due. The Federal Rules and First Circuit case law require the Watkins extremely late report be excluded. Under Rule 26(a)(2)(D), expert reports must be disclosed "at the times and in the sequence that the court orders"—by November 11, 2023. Absent a stipulation or court order, an expert report must be served at least 90 days before trial. Id. Rule 37(c)(1) enforces the disclosure and supplementation required under Rule 26 and the provides: "If a party fails to provide

4

information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence…at a trial." (emphasis added). In *Harvest Trading Grp., Inc. v. Yeiser Rsch. & Dev*., LLC, the trial court struck a defendants expert report that was "very late, coming ten months after the deadline, two months after the predicted disclosure date, and just one month before the trial date."  No. CV 19-11900-LTS, 2022 WL 16636333, at *1 (D. Mass. Mar. 22, 2022) (Sorokin, J.).  The court explained the prejudice to Plaintiff, which equally applies here: "To require the Plaintiffs to proceed now with such a late-released expert report and burden them with taking a deposition of the expert in the short period prior to trial would result in prejudice to the Plaintiffs that outweighs the Defendants' need for the expert report."

    Sig Sauer has repeatedly failed to abide by the Court's deadlines and the Federal Rules of Civil procedure as evidences by its extremely late disclosures of corporate designee witnesses and its second supplemental liability report, notice of both served weeks before trial.  Fundamental fairness to Plaintiff for her day in court requires Sig Sauer's late disclosed designee witnesses and second supplemental expert report be excluded from this trial

    3.    Sig Sauer must produce its Failure Modes Effects and Criticality Analysis ("FMECA") forthwith.  Plaintiff first became aware of the FMECA at trial in Abrahams v. Sig Sauer in November, 2024, despite propounding document

requests in multiple other matters during the course of discovery in this case, that requested documents that covered Sig Sauers FMECA analysis. The FMECA analysis was a failure modes analysis in which Sig Sauer identified risks and hazards associated with the P320's design. It provided the FMECA to the US Military and the presence of the thumb safety addressed some of the dangers Sig Sauer identified. Sig Sauer continues to sell P320's without manual safeties to law enforcement and the public, and the FMECA identifies the known risks that Sig Sauer identified with the P320. Sig Sauer has produced this document in other P320 litigation, and has never produced it to Plaintiff's counsel in any case. This document should have been provided in Sig Sauer's initial disclosures in this matter, or at the least in response to Requests for Production in other matters, but Sig Sauer has refused to do so. Plaintiff has requested this document in this litigation after first becoming aware of its existence and Sig Sauer has yet to provide it.

4.      Defendant has refused to make Sean Toner available to Plaintiff at trial. Plaintiff intends to call Sean Toner as on cross in her case-in-chief. Sean Toner works at Sig Sauer's American headquarters, in Epping, New Hampshire, which is approximately 65 miles from the United States District Court for the District of Massachusetts. Plaintiff intends to serve a subpoena on Defendant Sig Sauer for Mr. Toner to appear at trial, as he is within the subpoena power of this Court.

5.  Plaintiff requests that the parties be permitted to use exhibits and testimony in their opening statements that the parties agree will be admitted throughout the course of trial.

6.  Plaintiff seeks guidance from the Court regarding the process for the parties to bring a discrete number of unloaded exemplar handguns into the courtroom. Defendant has sought, in other P320 matters, to have as many as fourteen guns brought into the courtroom to demonstrate the "history of handguns." Plaintiff objects to the redundant and burdensome overuse of exemplar handguns where photographs or other means are available to present an exemplar gun to the jury.

Respectfully submitted,

**SALTZ MONGELUZZI & BENDESK P.C.**

By:  **/s/ *Robert Zimmerman***
ROBERT W. ZIMMERMAN (*pro hac vice*)
RYAN D. HURD (*pro hac vice*)
SAMUEL A. HAAZ (*pro hac vice*)
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
(215) 496-8282 (Telephone)
(215) 496-0999 (Facsimile)
rzimmerman@smbb.com
rhurd@smbb.com
shaaz@smbb.com

**LAW OFFICES OF STEVEN SEMENZA**
Stephen Semenza

                                100 Pier 4 Blvd, #1511
                                Boston, MA 02210
                                617-275-8191 (t)
                                stephen@ssemenzalaw.com

                                ***Attorneys for Plaintiff, Officer Ashley Catatao***

January 3, 2025

## CERTIFICATE OF SERVICE

    I hereby certify that I have this day served a copy of the foregoing document upon counsel of record by electronically filing it with the Clerk of Court using the Electronic CM/ECF System.

January 3, 2024

                                                      /s/ *Robert W. Zimmerman*
                                                      Robert W. Zimmerman